IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD FOSTER,

    Plaintiff,                    No. CIV S-03-1193 GEB JFM P

    vs.

D. L. RUNNELS, et al.,

    Defendants.              <u>ORDER</u>

                                    /

Plaintiff is a prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On May 2, 2005, plaintiff filed a request for information on filing a pretrial statement. In this court's October 4, 2004 scheduling order, plaintiff was directed to file a pretrial statement in accordance with Local Rule 16-281.[1] Local Rule 16-281(b) sets forth the information the parties are to address in their pretrial statements:

> **(b)** **Form, Contents.** The pretrial statement shall state the name of the party or parties on whose behalf it is presented and set forth the nature of the action and the following matters, under the following captions and in the following order:
>
>     **(1)** **Jurisdiction - Venue.** The factual and statutory basis of federal jurisdiction and venue and whether there is any dispute concerning jurisdiction or venue.
>     **(2)** **Jury - Non-Jury.** Whether the party has demanded a jury trial of all or any of the issues or, if not, whether a demand for jury trial made by any other party is conceded or contested.

---

[1] Plaintiff was provided a copy of this court's local rules on July 17, 2003.

1

**(3)     Undisputed Facts.**  A plain, concise statement of the facts that are undisputed.

**(4)     Disputed Factual Issues.**  A plain, concise statement of each fact (and any related essential facts) that the party claims or concedes to be in dispute.

**(5)     Disputed Evidentiary Issues.**  A plain, concise summary of any reasonably anticipated disputes concerning admissibility of live and deposition testimony, physical and demonstrative evidence and the use of special technology at trial, including computer animation, video discs, and other high technology, and a statement whether each such dispute should be resolved by motion in limine, briefed in the trial brief, or addressed in some other manner.

**(6)     Special Factual Information in Certain Actions.**  In addition to the facts and issues described in (3) through (5) above, the following special information with respect to the following types of actions shall be specified within either the disputed or undisputed facts sections as appropriate:

. . .

**(7)     Relief Sought.**  The elements of monetary damage, if any, and the specific nature of any other relief sought.

**(8)     Points of Law.**  A statement of the legal theory or theories of recovery or of defense and of any points of law (substantive or procedural) that are or may reasonably be expected to be in controversy, citing the pertinent statutes, ordinances, regulations, cases and other authorities relied upon.  Extended legal argument is not required in the pretrial statement.

**(9)     Abandoned Issues.**  A statement of all issues raised by the pleadings that have been abandoned, including, for example, claims for relief and affirmative defenses.

**(10)    Witnesses.**  A list (names and addresses) of all prospective witnesses, whether offered in person or by deposition or interrogatory, designating those who are expert witnesses.  Only witnesses so listed will be permitted to testify at the trial, except as may be otherwise provided in the pretrial order.

**(11)    Exhibits - Schedules and Summaries.**  A list of documents or other exhibits that the party expects to offer at trial.  Only exhibits so listed will be permitted to be offered at trial except as may be otherwise provided in the pretrial order.

**(12)    Discovery Documents.**  A list of all answers to interrogatories and responses to requests for admission that the party expects to offer at trial.

**(13)    Further Discovery or Motions.**  Any requests for further discovery or pretrial motions.  Where discovery and/or law and motion has been terminated by a status conference order, counsel shall set forth the grounds for relief from that order and why a motion to be relieved was not made prior to the date ordered in the status conference for termination.  Motions for relief at pretrial are not favored and will ordinarily be denied unless the moving party makes a strong showing.

**(14)   Stipulations.** Any stipulations requested or offered for pretrial or trial purposes.

**(15)   Amendments - Dismissals.** Any requested amendments to pleadings, dismissals, additions or substitutions of parties, or dispositions as to defaulting parties.

**(16)   Settlement Negotiations.** A statement whether settlement negotiations between parties and/or a court settlement conference under L.R. 16-270 would be helpful.

**(17)   Agreed Statements.** A statement whether presentation of all or part of the action upon an Agreed Statement of Facts is feasible and advisable.

**(18)   Separate Trial of Issues.** A statement whether separate trial of any of the issues is feasible and advisable.

**(19)   Impartial Experts - Limitation of Experts.** A statement whether appointment by the Court of impartial expert witnesses or limitation of the number of expert witnesses is advisable.

**(20)   Attorneys' Fees.** A statement whether attorneys' fees are sought and the time and manner in which they are to be ascertained. See L.R. 54-293.

**(21)   Miscellaneous.** Any other appropriate comments, suggestions, or information that might aid in the disposition of the action, including references to any matters set forth in Fed. R. Civ. P. 16(c).

Local Rule 16-281(b).

IT IS SO ORDERED.

DATED: May 16, 2005.

UNITED STATES MAGISTRATE JUDGE

001
fost1193.281