1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONALD FOSTER,

11              Plaintiff,              No. CIV S-03-1193 GEB JFM P

12       vs.

13   D. L. RUNNELS, et al.,

14              Defendants.             ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  The undersigned held a telephonic status conference on September 20, 2005,

18   at 11:00 a.m.  Plaintiff appeared in propria persona.  James E. Flynn, Deputy Attorney General,

19   appeared for defendants.  Upon review of the pending motions and the documents in support and

20   opposition, upon hearing from plaintiff and counsel and good cause appearing therefor, THE

21   COURT FINDS AS FOLLOWS:

22          By order filed March 23, 2005, defendants were directed to certify that the

23   documents they provided in response to plaintiff's discovery requests covered the period from

24   April 2002 through September 30, 2004.  "Good cause appearing, defendants will be directed to

25   certify to the court that they have provided plaintiff with operating schedules and housing logs

26   from April 200[2] through September 30, 2004."  (Id. at 3.)

1

1              On April 11, 2005, defendants filed a certification stating they had obtained the

2    operating schedules and forwarded copies to plaintiff.  Defendants stated that the additional

3    housing logs were voluminous and contained in bound books that had to be copied page by page.

4    Defendants certified that the copying would be completed that week, and that a copy of the

5    housing logs would then be made available for inspection and copying by plaintiff.  (Id. at 1-2.)

6              On May 4, 2005, plaintiff filed a motion for protective order and for sanctions.[1]

7    Plaintiff stated that counsel did not provide copies of the housing documents to plaintiff as

8    ordered by the court, instead placing the copies in the law library and advising plaintiff he must

9    review and take notes from the documents in the library, but that he would not be permitted to

10   photocopy the documents without written permission from Deputy Attorney General J. Flynn.

11   (Id. at 4.)  Plaintiff argued that the court ordered defendants to provide the housing records to

12   plaintiff and that their failure to do so hampered plaintiff's ability to oppose defendants' motion

13   for summary judgment.  (Id. at 6.)  Plaintiff contended he would not be permitted sufficient time

14   to review the documents because he was housed in administrative segregation and was only

15   allowed one visit per week to the law library.  (Id. at 6.)

16             On May 10, 2005, defendants filed an opposition to plaintiff's motion for

17   protective order, claiming that plaintiff was moving under Fed. R. Civ. P. 26(c) for an order

18   requiring defendants to bear the costs of copying all the housing logs from April 2002 through

19   September 30, 2004.  (Id. at 2.)  Defendants argue that the March 23, 2005 order only required

20   defendants to "provide" plaintiff with the additional housing logs and did not specifically require

21   defendants to bear the costs of plaintiff's discovery by providing plaintiff with a copy of the

22   housing logs at their expense.  Defendants point out that a party responding to discovery "may

23   invoke the district court's discretion under rule 26(c) to grant protective orders protecting him

---

25      [1] Plaintiff also asked in the alternative that the court deny defendants' request to extend

26   the deadline to file dispositive motions.  Defendants' request for extension, however, was granted
     on May 6, 2005, mooting plaintiff's alternative request.

1   from undue burden or expense in doing so, including orders conditioning discovery on the

2   requesting party's payment of the costs of discovery." (Id. at 2-3.)

3              On May 18, 2005, plaintiff renewed his motion for protective order.  On June 13,

4   2005, plaintiff filed a motion for judgment of default or in the alternative an order for the

5   imposition of sanctions.  Each of these documents is based on plaintiff's position that defendants

6   were required to provide him with copies of the housing logs referenced above.

7              On June 16, 2005, defendants filed their opposition to plaintiff's motion for

8   default.  Defendants state that the housing logs consist of 6,785 pages and based on a ten cents

9   per page copying fee, the cost of photocopying these logs would be $678.50.  (Gunter Decl. at 3.)

10  Plaintiff has a negative balance in his prison trust account.  (Id.)  Defendants contend they are not

11  required to pay for plaintiff's discovery, particularly where plaintiff has made no effort to review

12  the documents to identify specific documents needed to oppose defendants' motion for summary

13  judgment.  (June 16, 2005 Opp'n. at 2.)

14             On May 10, 2005, after receiving two extensions of time, defendants filed their

15  motion for summary judgment.  On May 25, 2005, plaintiff filed an opposition.  In his

16  opposition, plaintiff stated that the housing logs will reflect the actual yard time inmates received

17  and that he had been prejudiced by the defendants' refusal to provide plaintiff with copies of the

18  housing logs.  (Id. at 5, n.1.)

19             Under Rule 56(f), the court may postpone ruling on a summary judgment motion

20  where the non-moving party needs "additional discovery to explore 'facts essential to justify the

21  party's opposition.'"  Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quoting Fed. R. Civ.

22  Pro. 56(f)).  Summary judgment is disfavored where relevant evidence remains to be discovered,

23  particularly in cases involving confined pro se plaintiffs.  Klingele v. Eikenberry, 849 F.2d 409,

24  412 (9th Cir.1988); Harris v. Pate, 440 F.2d 315, 318 (7th Cir.1971) (Stevens, J.) (observing that

25  the combined disabilities of self-representation and confinement hinder a plaintiff's ability to

26  gather evidence).  Thus summary judgment in the face of requests for additional discovery is

1   appropriate only where such discovery would be "fruitless" with respect to the proof of a viable

2   claim.  Klingele, 849 F.2d at 412.

3          In this case, plaintiff acted diligently and reasonably in pursuing discovery:  he

4   served his discovery requests and when defendants failed to provide the documents he sought, he

5   filed a motion to compel.  Plaintiff's motion to compel was partially granted and defendants were

6   directed to provide plaintiff with operating schedules and housing logs for a particular time

7   period.  Plaintiff filed two separate motions for protective order, alerting defendants to the fact

8   that plaintiff's efforts to oppose their motion for summary judgment were hampered by the

9   placement of the housing records in the law library to which plaintiff had limited access.

10          Plaintiff has been less diligent recently, in that defendants contend he has made no

11   efforts to review the documents housed in the prison law library since April 24, 2005.  (Gunter

12   Decl. at 2 (no effort to review by June 15, 2005); see also plaintiff's filings where he maintains

13   defendants must provide him with copies of the housing logs).  During the hearing, plaintiff

14   stated he had looked at the documents, but acknowledged he had not reviewed the documents

15   recently.  It appears plaintiff believed this court's March 23, 2005 order required defendants to

16   provide him photocopies of the housing logs and, when it became apparent defendants would not

17   provide these copies, plaintiff timely filed a motion for protective order in an effort to obtain

18   these documents.

19          Due to the lack of counsel, the limitations in law library access associated with

20   plaintiff's confinement in administrative segregation and the large number of documents

21   produced, plaintiff was unable to comply with this court's schedule.  The housing logs may be

22   relevant to plaintiff's Eighth Amendment claim and could provide facts plaintiff needed to file an

23   opposition to defendants' motion for summary judgment.  Given the voluminous nature of these

24   documents, plaintiff needs access to these documents so he may review them, take notes on them

25   and identify key documents for photocopying purposes.

26   /////

1    Rule 34 of the Federal Rules of Civil Procedure governs the production of

2 documents through discovery.  "Any party may serve on any other party a request (1) to produce

3 and permit the party making the request, or someone acting on the requestor's behalf, to inspect

4 and copy, any designated documents. . . ."  Id.  During the conference call, plaintiff informed the

5 court that he is allowed access to the law library one day a week, for a period of 1.5 to 2.0 hours

6 per visit.  Plaintiff stated that two weeks would be sufficient for plaintiff to review the documents

7 and determine if any documents are relevant to plaintiff's case.  Good cause appearing, plaintiff

8 will be granted an extension of time to review the documents and notify the court which of the

9 housing logs are relevant to plaintiff's claims.  Plaintiff will, however, be required to promptly

10 review these documents and file his statement with the court so that this court may issue its

11 ruling on defendants' motion for summary judgment.[2]  This court will not be inclined to grant

12 further extensions in this case, which has been pending for over three years.

13    Accordingly, IT IS HEREBY ORDERED that:

14    1.  Plaintiff's May 4, 2005 motion for protective order is partially granted.

15 Plaintiff shall immediately review the housing logs to determine which documents are relevant to

16 his Eighth Amendment claim.

17    2.  No later than October 7, 2005, plaintiff shall submit to the court a document

18 setting forth which of the housing logs he believes are relevant to his case and explaining why he

19 believes each log is relevant.  Plaintiff shall reference the housing log by page number.

20    3.  Upon receipt of plaintiff's filing concerning the housing logs, this court will

21 issue a revised briefing order on defendants' May 10, 2005 motion for summary judgment.

22    4.  Plaintiff's May 18, 2005 motion for protective order and June 13, 2005 motion

23 for default judgment or sanctions are denied.

24 /////

25

26    [2]  The October 4, 2005 trial date was vacated by this court's order filed August 22, 2005.

1         5.  Plaintiff's motion for sanctions for defendants' failure to provide copies of the

2  housing logs is denied without prejudice.

3  DATED:   September 21, 2005.

4

5                        UNITED STATES MAGISTRATE JUDGE

6

7  /01; fost1193.po2

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26