IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD FOSTER,

    Plaintiff,                    No. CIV S-03-1193 GEB JFM P

    vs.

D. L. RUNNELS, et al.,

    Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On September 22, 2005, plaintiff was directed to file, no later than October 7, 2005, a document setting forth which of the housing logs he believes are relevant to his case. On September 29, 2005, plaintiff filed a letter stating that on September 22, 2005, the property officer came to his cell and removed all of plaintiff's property in preparation for plaintiff's transfer to an undisclosed prison. (Id. at 1.) Plaintiff stated he had not had an opportunity to review the 6,785 pages as required by this court's order. Plaintiff added that it would take at least one and a half months for him to receive his property as every piece of paper and item would have to be searched for contraband prior to its return. (Id.)

        Good cause appearing, due to plaintiff's transfer to another correctional facility undisclosed at this time, the court must amend its prior order. Although defendants might be able to work out an arrangement whereby plaintiff views the documents at an interim facility or

shortly after his arrival at his final destination, there is no guarantee that plaintiff will be in possession of his own legal materials at that time. Accordingly, plaintiff shall have access to his own legal materials pertinent to the instant case at the time he reviews the voluminous documents at issue herein.

Plaintiff will be granted three months in which to review the housing logs.[1] As soon as plaintiff is in possession of his own legal materials pertinent to the instant case and is granted access to the housing logs, plaintiff shall immediately review the housing logs to determine which documents are relevant to his Eighth Amendment claim. As soon as possible after plaintiff has reviewed the housing logs, plaintiff shall file with the court a document setting forth which of the housing logs he believes are relevant to his case and explaining why he believes each log is relevant. Plaintiff shall reference the housing log by page number.

Counsel for defendants will be directed to exercise his best efforts to ensure plaintiff is provided expedited access to his legal materials relevant to the instant action at the same time he is granted sufficient access to the 6,785 pages of housing logs so this case is not delayed more than necessary. In light of this extension, the court will deny defendants' May 10, 2005 motion for summary judgment without prejudice to its renewal once this discovery dispute is resolved. An order addressing the filing of such motion will issue at that time.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' May 10, 2005 motion for summary judgment is denied without prejudice;

---

[1] Plaintiff is cautioned that this extension does not mean he can wait until late in the third month to start reviewing the documents. As soon as plaintiff is granted access to these documents he must begin a diligent effort to review the documents and file the appropriate list of relevant housing logs. The three month period of time was selected to ensure prison officials have sufficient time to give plaintiff access to his legal materials and the 6,758 documents as well as to provide plaintiff sufficient time to review the documents and prepare his list. Failure to diligently pursue review of these documents once plaintiff is granted such access may result in the imposition of sanctions, including a recommendation that this action be dismissed. This court will not be inclined to entertain further requests for extensions of time absent a showing of extraordinary circumstances outside plaintiff's control.

2. Defendants shall immediately notify the court when plaintiff has been given access to the housing logs referenced herein and to his legal materials;

3. Plaintiff is granted three months from the date he is given access to the housing logs and to his legal materials in which to review the housing logs;

4. As soon as he is in possession of his own legal materials pertinent to the instant case and is granted access to the housing logs, plaintiff shall review the housing logs to determine which documents are relevant to his Eighth Amendment claim.

5. As soon as possible after plaintiff has reviewed the housing logs, plaintiff shall file with the court a document setting forth which of the housing logs he believes are relevant to his case and explaining why he believes each log is relevant. Plaintiff shall reference the housing log by page number.

DATED:   October 11, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

/01; fost1193.po3